FILED

2017 Feb-24  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **JIMMY WAYNE MARLOWE,** | ) | |
| **VIRGINIA LIGHTSEY** | ) | |
| **MARLOWE** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.   JURISDICTION AND VENUE

1.   Plaintiffs bring this action against Defendant, the United States of America, pursuant to the Federal Tort Claims Act. This court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1346(b). Plaintiffs reside in Childersburg, Talladega County, Alabama and the acts and omissions herein complained occurred in Childersburg, Alabama within the geographical confines of the Eastern Division of the Northern District of Alabama.

2.   The matter in controversy exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

## II.   PARTIES

3.      Plaintiff Jimmy Wayne Marlowe is a United States Army Veteran, 82nd Airborne Division (paratroopers). Plaintiffs Jimmy Wayne Marlowe and Virginia Lightsey Marlowe are individuals and citizens of the United States of America and the State of Alabama. Plaintiffs are over the age of nineteen (19) years of age.

4.      Defendant United States of America operates a VA health care facility known as the Childersburg CBOC, located at 151 9th Avenue, N.W., Childersburg, Alabama 35044, in Talladega County, Alabama. Defendant, in operating said CBOC or clinic, holds itself out to military personnel, veterans, and their dependents to use that degree of care, skill, diligence, and attention used by clinics/clinicians generally in the national health care community in the care and treatment of patients. The Childersburg CBOC operated by Defendant through the Department of Veterans Affairs has in its employ, among others, doctors, nurses, interns, residents, student nurses, nurses' aides, and other clinic personnel over which it exercises exclusive control and supervision, with the right to employ and discharge each such employee.

## III.   CONDITIONS PRECEDENT

5.      Plaintiffs have complied with all prerequisites to a suit under the Federal Tort Claims Act in that:

      A.      On or about June 22, 2016, Plaintiff/Veteran Jimmy Wayne Marlowe timely filed a Standard Form 95 injury and damage claim for

$5,000,000.00 with the Department of Veterans Affairs. (Exhibit "A"). On that same date, Plaintiff Virginia Lightsey Marlowe, wife and dependent of Veteran Jimmy Wayne Marlowe, filed a Standard Form 95 injury and damage claim with the Department of Veterans Affairs in the amount of $1,000,000.00 for loss of her husband's consortium. (Exhibit "B").

B.     Defendant, by and through the U.S. Department of Veterans Affairs, denied Plaintiffs' administrative claims and on December 16, 2016 and February 2, 2017 mailed its notices of denial. (Exhibit "C" and "D").

C.     This action is being timely commenced following the denial of the Plaintiffs' claims.

## IV.    STATEMENT OF FACTS AND CLAIMS

6.    As a result of the negligence, wantonness and/or fault of Defendant, by and through its agents, servants and employees, acting within the scope of their work and/or employment, Plaintiff, Jimmy Wayne Marlowe suffered the amputation of both his right and left legs above the knees.

7.    These amputations/injuries resulted from the negligence, wantonness and/or fault of the agents, servants, and employees of the U.S. Department of Veterans Affairs, acting within the scope of their duties/employment, as follows:

A.   In the spring of 2014 (March 14, 20, and 23 and April 9), Plaintiff Jimmy Wayne Marlowe was examined at the Childersburg CBOC by Defendant's doctors, nurses and/or other medical care providers, including Dr. Maria Rosario Cumagun and R.N. Nancy O. Hansen.

B.   Plaintiff's medical care providers diagnosed Plaintiff Jimmy Wayne Marlowe with "athlete's foot" or a "rash, infection, problem dermatophyte," prescribing dermatologic creams for this condition.

C.   After following doctor's orders, utilizing the prescribed creams, with the condition only getting worse, Veteran Marlowe went on July 31, 2014 to a dermatologist who recognized that this condition was not dermatologic in nature but was due to decreased perfusion.

D.   Veteran Marlowe was rushed to Shelby Baptist Hospital and was then and there diagnosed by a vascular surgeon with "significant tibioperoneal occlusive disease bilaterally."

E.   Both legs had to be amputated above the knee.

8.   Dr. Cumagun, Nurse Hansen and/or Veteran Marlowe's other medical care providers at the Childersburg CBOC were negligent and/or wanton in diagnosing and/or failing to diagnose Veteran Marlowe's condition. This was a breach of and/or violation of the applicable standard of medical care. As a result, Plaintiff Jimmy

Wayne Marlowe's condition worsened and, as proximate result of said breach, Veteran Marlowe's legs had to be amputated.

9.     For sixty-four years and at the time of the events complained in the Plaintiffs' Complaint, Plaintiffs Jimmy Wayne Marlowe and Virginia Lightsey Marlowe were married and continue to be married to this date.

10.     As the result of the negligence, wantonness, breach of the standard of care and/or fault of Defendant, by and through its doctors, nurses, agents and/or employees, Plaintiff Jimmy Wayne Marlowe lost his legs, lost his livelihood and lost his ability to get about. He has suffered physically, mentally and emotionally and will continue to so suffer in the future.

11.     Plaintiff Virginia Lightsey Marlowe has lost the consortium, society, affection, assistance, and conjugal fellowship of her husband of sixty-four years, all as a result of the negligence, wantonness, fault and/or breach of the standard of care by her husband's medical care providers who were agents and/or employees of Defendant.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant, the United States of America, and that damages be awarded for Jimmy Wayne Marlowe in the sum of $5,000,000.00 and for Virginia Lightsey Marlowe in the sum of

$1,000,000.00, sums which will fairly and adequately compensate Plaintiffs for the injuries and damages sustained by each of them, plus pre and post judgment interest allowed by law, and costs of this proceeding.

_____

Steven D. Tipler (TIP008)
ASB-7773-L69S
Counsel for Plaintiff

Tipler Law Offices
104 23rd Street South, Suite 100
Birmingham, AL 35233
Tel:   (205) 328-6800
Fax:   (205) 328-6805
E-mail: steventipler@gmail.com

Robert W. Shores, Esq.
517 Beacon Parkway West
Birmingham, AL 35209
Tel:   (205) 212-5572
Fax:   (205) 943-9338
Email: bshores@shorespc.com

## JURY DEMAND

Plaintiffs demand trial by struck jury on all issues raised herein.

_____

Steven D. Tipler
Counsel for Plaintiff

<u>Please Serve Defendant By Certified Mail:</u>

**Jeff Sessions, Attorney General**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Joyce White Vance**
**United States Attorney**
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203-2101

# EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br>810 Vermont Avenue NW<br>Washington, DC 20420    (Additional attached) | Jimmy Wayne Marlowe |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [X] MILITARY [ ] CIVILIAN | | Married | July 31, 2014 | Approx. 4:00 PM |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Dr. Maria Rosario Cumagun and/or R.N. Nancy D. Hansen diagnosed and treated Veteran Jimmy Wayne Marlowe with and for "athlete's foot" or a "rash, infectious: problem dermatophyte", prescribing dermatologic creams as a remedy for this condition. After following doctor's orders, utilizing these creams, with the condition only getting worse, Veteran Marlowe went on July 31, 2014 to a dermatologist who recognized that this condition was not dermatologic in nature... (Additional attached)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Both legs had to be amputated above the knee. (See attached report of Steven M. Taylor, M.D.).

| 11. | WITNESSES |
|---|---|
| **NAME** | **ADDRESS** (Number, Street, City, State, and Zip Code) |
| 1. Gregory Bourgeois, M.D. | Shelby Dermatology, 1022 1st St. N., Suite 2, Alabaster, AL 35007 |
| 2. Steven M. Taylor, M.D. | 1004 1st St. N., Suite 150, Alabaster, AL 35007 |
| (Additional attached) | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | $5,000,000.00 | | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Jimmy Wayne Marlowe | | June 20, 2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?   ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☑ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

**INSTRUCTIONS**

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

Addendum to Claim Form 95 for Jimmy Wayne Marlowe

1. A copy of this Form 95 is has also being submitted to:

   Department of Veterans Affairs
   Office of District Counsel
   1800 Clairmont Road
   Decatur, GA 30033

   Both copies are sent certified mail, return receipt requested.

8. ... but was due to decreased perfusion. Veteran Marlowe was rushed to Shelby Baptist Hospital and there and then diagnosed by vascular surgeon, Dr. Steve Taylor, with "significant tibioperoneal occlusive disease bilaterally". Both legs had to be amputated above the knee. (See attached report from Steven M. Taylor, MD.)

11.
   3. Mrs. Virginia Lightsey Marlowe, ███████████ Childersburg, AL 35044
   4. Dr. Maria Rosario Cumagun, Childersburg CBOC, 151 9th Ave. N.W., Childersburg, AL 35044
   5. Nancy D. Hansen, R.N., Childersburg CBOC, 151 9th Ave. N.W., Childersburg, AL 35044

May 9, 2016

RE:   Jimmy Marlow
      DOB: ███████████

I first became involved with Mr. Marlow on July 31, 2014 when he was admitted to Shelby Baptist Hospital with wounds on both lower extremities. He was admitted from a local dermatology clinic and I was consulted to help provide vascular surgery services. At that time he was an 80 year old gentleman who had suffered from worsening bilateral lower extremity wounds for the last several weeks. His wounds had worsened to the point where he required hospitalization. When I initially saw him he had gangrenous changes to both feet, the right being worse than the left. He had clinic evidence of decreased perfusion to both feet. For this reason a vascular workup was instituted while he was maintained on continuous heparin infusion. CT angiogram revealed significant tibioperoneal occlusive disease bilaterally. Formal angiogram performed by me on August 4 confirmed significant occlusive disease in all tibial vessels consistent with embolization. Further preoperative workup was undertaken and two days later on August 6 he was taken to the operating room for an attempt at revascularization. He underwent a below the knee popliteal artery to dorsalis pedis artery bypass with vein. At the time of the surgery his dorsalis pedis artery showed evidence of chronic thrombus and was deemed very marginal for outflow. As predicted, his vein bypass failed and on August 11 he was taken to the operating room for a right below the knee amputation. He was ultimately discharged but returned with poor healing amputation stump. On September 15 his right below the knee amputation was revised to an above the knee amputation. During this whole process we were following his left lower extremity tissue loss expectantly. This predictably began to worsen. He underwent a repeat arteriogram with hopes of finding some distal vessel to bypass to. This angiogram was performed on October 7, 2015. Unfortunately, this showed no patent vessel below the level of the ankle. For this reason a decision was made to perform a primary above the knee amputation on the left. This healed appropriately and the patient has subsequently been discharged from my care.

Steven M. Taylor, M.D.
SMT/sgj

# EXHIBIT "B"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See Instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs 810 Vermont Avenue NW Washington, DC 20420   (Additional attached) | Virginia Lightsey Marlowe ▮▮▮▮▮▮▮ Childersburg, AL 35044 |

| 3. TYPE OF EMPLOYMENT [X] MILITARY  [ ] CIVILIAN | 4. DATE OF BIRTH ▮▮▮▮ | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT July 31, 2014 | 7. TIME (A.M. OR P.M.) Approx. 4:00 PM |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Dr. Maria Rosario Cumagun and/or R.N. Nancy D. Hansen diagnosed and treated claimant's husband, Veteran Jimmy Wayne Marlowe with and for "athlete's foot" or a "rash, infectious: problem dermatophyte", prescribing dermatologic creams as a remedy for this condition. After following doctor's orders, utilizing these creams, with the condition only getting worse, Veteran Marlowe on July 31, 2014 went to a dermatologist, who recognized that this condition... (Additional attached)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Virginia Lightsey Marlowe suffered a loss of consortium with her husband of sixty-four years, Veteran Jimmy Wayne Marlowe.

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS (Number, Street, City, State, and Zip Code)** | |
| 1. Gregory Bourgeois, M.D. | Shelby Dermatology, 1022 1st St. N., Suite 2, Alabaster, AL 35007 | |
| 2. Steven M. Taylor, M.D. | 1004 1st St. N., Suite 150, Alabaster, AL 35007 | |
| (Additional attached) | | |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | $1,000,000.00 | | $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). *Virginia Lightsey Marlowe* | 13b. PHONE NUMBER OF PERSON SIGNING FORM ▮▮▮▮▮ | 14. DATE OF SIGNATURE June 20, 2016 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

**INSTRUCTIONS**

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

Addendum to Claim Form 95 for Virgina Lightsey Marlowe

1. A copy of this Form 95 is has also being submitted to:

   Department of Veterans Affairs
   Office of District Counsel
   1800 Clairmont Road
   Decatur, GA 30033

   Both copies are sent certified mail, return receipt requested.

8. … was not dermatologic in nature but was due to decreased perfusion. Veteran Marlowe was rushed to Shelby Baptist Hospital and there and then diagnosed by vascular surgeon, Dr. Steve Taylor, with "significant tibioperoneal occlusive disease bilaterally". Both legs had to be amputated above the knee. (See attached report from Steven M. Taylor, MD.) As a result, Virginia Lightsey Marlowe suffered the loss of consortium of her husband of sixty-four years.

11.
   3. Mr. Jimmy Wayne Marlowe, ███████████, Childersburg, AL 35044
   4. Dr. Maria Rosario Cumagun, Childersburg CBOC, 151 9th Ave. N.W., Childersburg, AL 35044
   5. Nancy D. Hansen, R.N., Childersburg CBOC, 151 9th Ave. N.W., Childersburg, AL 35044

May 9, 2016

RE:   Jimmy Marlow
      DOB: ███████

I first became involved with Mr. Marlow on July 31, 2014 when he was admitted to Shelby Baptist Hospital with wounds on both lower extremities. He was admitted from a local dermatology clinic and I was consulted to help provide vascular surgery services. At that time he was an 80 year old gentleman who had suffered from worsening bilateral lower extremity wounds for the last several weeks. His wounds had worsened to the point where he required hospitalization. When I initially saw him he had gangrenous changes to both feet, the right being worse than the left. He had clinic evidence of decreased perfusion to both feet. For this reason a vascular workup was instituted while he was maintained on continuous heparin infusion. CT angiogram revealed significant tibioperoneal occlusive disease bilaterally. Formal angiogram performed by me on August 4 confirmed significant occlusive disease in all tibial vessels consistent with embolization. Further preoperative workup was undertaken and two days later on August 6 he was taken to the operating room for an attempt at revascularization. He underwent a below the knee popliteal artery to dorsalis pedis artery bypass with vein. At the time of the surgery his dorsalis pedis artery showed evidence of chronic thrombus and was deemed very marginal for outflow. As predicted, his vein bypass failed and on August 11 he was taken to the operating room for a right below the knee amputation. He was ultimately discharged but returned with poor healing amputation stump. On September 15 his right below the knee amputation was revised to an above the knee amputation. During this whole process we were following his left lower extremity tissue loss expectantly. This predictably began to worsen. He underwent a repeat arteriogram with hopes of finding some distal vessel to bypass to. This angiogram was performed on October 7, 2015. Unfortunately, this showed no patent vessel below the level of the ankle. For this reason a decision was made to perform a primary above the knee amputation on the left. This healed appropriately and the patient has subsequently been discharged from my care.


Steven M. Taylor, M.D.
SMT/sgj

# EXHIBIT "C"

**VA** | **U.S. Department of Veterans Affairs**
Office of General Counsel
Office of Chief Counsel - Southeast District North

345 Perry Hill Road
Montgomery, AL 36109
Telephone: 334.271.0488
Facsimile: 334.271.9605
www.va.gov/ogc

In Reply Refer To:   GC 274204

CERTIFIED MAIL

December 16, 2016

Steven D. Tipler, Esq.
Tipler Law Office
104 23rd Street South, Suite 100
Birmingham, AL 35233

Subject:     Administrative Tort Claim of Jimmy W. Marlowe

Dear Mr. Tipler:

This office has completed its investigation of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is denied.

The FTCA provides a legal remedy enabling an individual to recover damages under circumstances where the United States, if it were a private person, would be liable. Our review did not find any negligent or wrongful act or omission on the part of a Department of Veterans Affairs (VA) employee acting within the scope of his or her employment whose actions or inactions caused injury to Mr. Marlowe related to medical treatment during the period from approximately March through July 2014.

A request for reconsideration of this claim by this office may be filed by: (1) mail to Office of General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) fax to 202-273-6385; or (3) e-mail to OGC.torts@mail.va.gov. VA must receive such a request within six months of the date of mailing of this notice of final denial as shown by the date of this letter. If a request for reconsideration is made, VA shall have six months from receipt of that request during which the option to file suit in an appropriate federal court under 28 U.S.C. 2675(a) is suspended.

Following the request for reconsideration, or in lieu of a request for reconsideration, further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code (U.S.C.), which provides that a tort claim that is administratively denied may be presented to a federal district court for judicial consideration. Such a suit must be initiated within six months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, U.S.C.). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or law suit. VA legal staff handling FTCA claims work for the federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

TAMMY L. KENNEDY
Chief Counsel



**VA** | U.S. Department
of Veterans Affairs

**Office of Regional Counsel**
1700 Clairmont Road
Decatur GA 30033-4032

OFFICIAL BUSINESS

CERTIFIED MAIL

METRO
04301
21 DEC '16
35111 L

9414 8149 0108 0953 0070 30

U.S. POSTAGE >> PITNEY BOWES

ZIP 30033
02 1W
0001389458 DEC. 20 2016
**$ 005.11⁵**

Steven D. Tipler, Esq.
Tipler Law Office
104 23rd Street South, Suite 100
Birmingham, AL 35233

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

# EXHIBIT "D"

VA | **U.S. Department of Veterans Affairs**
**Office of General Counsel**
**Office of Chief Counsel - Southeast District North**

345 Perry Hill Road
Montgomery, AL 36109
Telephone: 334.271.0488
Facsimile: 334.271.9605
www.va.gov/ogc

In Reply Refer To:   GC 274204

CERTIFIED MAIL

February 2, 2017

Steven D. Tipler, Esq.
Tipler Law Office
104 23rd Street South, Suite 100
Birmingham, AL 35233

Subject:   Administrative Tort Claim of Jimmy W. Marlowe

Dear Mr. Tipler:

The tort claim filed by Jimmy W. Marlowe was denied by letter dated December 16, 2016. As a derivative of that claim, the claim for loss of consortium filed by Virginia L. Marlowe, is also denied.

A request for reconsideration of this claim by this office may be filed by: (1) mail to Office of General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) fax to 202-273-6385; or (3) e-mail to OGC.torts@mail.va.gov. VA must receive such a request within six months of the date of mailing of this notice of final denial as shown by the date of this letter. If a request for reconsideration is made, VA shall have six months from receipt of that request during which the option to file suit in an appropriate federal court under 28 U.S.C. 2675(a) is suspended.

Following the request for reconsideration, or in lieu of a request for reconsideration, further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code (U.S.C.), which provides that a tort claim that is administratively denied may be presented to a federal district court for judicial consideration. Such a suit must be initiated within six months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, U.S.C.). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or law suit. VA legal staff handling FTCA claims work for the federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

*Tammy L. Kennedy*

TAMMY L. KENNEDY
Chief Counsel

  

**VA** | U.S. Departm...
of Veterans A...

**Office of Regional Counsel**
1700 Clairmont Road
Decatur GA 30033-4032

OFFICIAL BUSINESS

9414 8149 0108 0953 0076 65

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 30033
02 1W      $ 005.26
0001389458 FEB 02 2017

Steven D. Tipler, Esq.
Tipler Law Office
104 23rd Street South, Suite 100
Birmingham, AL 35233

CERTIFIED MAIL — RETURN RECEIPT REQUESTED

35233$23i5 C03i