IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY WAYNE MARLOWE *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:17-CV-00309-ACA |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The United States of America, by and through Jay E. Town, United States Attorney for the Northern District of Alabama, and Jason R. Cheek, Assistant United States Attorney, submits this Motion for Summary Judgment.

Plaintiffs allege that a physician employed by the U.S. Department of Veterans Affairs (VA) committed medical malpractice in March 2014, when she failed to refer Mr. Marlowe for a vascular workup after documenting decreased pedal pulses in Mr. Marlowe's feet. As a result, Plaintiffs allege that Mr. Marlowe's legs had to be amputated.

The United States seeks summary judgment on two independent bases. First, Plaintiffs cannot meet their burden in establishing that the Defendant's actions caused the alleged injuries. That is, Plaintiffs cannot demonstrate that the VA physician's conduct probably caused the injury as alleged. Plaintiffs' own

1

vascular surgery expert—who was also Mr. Marlowe's treating physician—testified that he could not state that he probably could have saved Mr. Marlowe's lower extremities if he had been consulted in March 2014.[1]

Second, Plaintiffs cannot demonstrate that the standard of care was breached.  In the months following the March 14, 2014 appointment, Mr. Marlowe visited at least four outside, private physicians—including an emergency room physician, a podiatrist, a primary care physician, and a dermatologist—on at least six different occasions.  Mr. Marlowe's lower extremities were examined during almost every one of those subsequent medical appointments with third-party physicians.  Yet none of those providers ordered that Mr. Marlowe receive vascular workup based on diminished pedal pulses.  Indeed, he was not referred for additional evaluation by any of these providers until approximately 4½ months after the VA medical appointment at issue when black eschars were apparent on Mr. Marlowe's toes.  Because these providers treated the patient in a substantially similar manner as the VA physician, Plaintiffs cannot demonstrate a breach in the standard of care.

---

[1] That same expert—who Plaintiffs chose to designate as an expert—opined that the VA physician did not commit malpractice.  The only other expert witness Plaintiffs disclosed described the VA physician at issue as a "good doctor" and opined that she conducted a good clinical examination in March 2014.

Accordingly, summary judgment should be entered in favor of the United States.

Date:  December 3, 2018

Respectfully submitted,

JAY E. TOWN
UNITED STATES ATTORNEY

<u>/s/ Jason R. Cheek</u>
Jason R. Cheek
Assistant U.S. Attorney
U.S. Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2104
(205) 244-2181 (fax)
jason.cheek@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all attorneys of record.

<u>/s/ Jason R. Cheek</u>
Jason R. Cheek
Assistant U.S. Attorney