# Attachment 20

Plaintiff's Supplemental Responses to Defendant's Second Set of Requests for Admissions

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| JIMMY WAYNE MARLOWE *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | ) | 1:17-CV-00309-VEH |
| | ) | |
| Defendant. | ) | |

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANT'S
SECOND SET OF REQUESTS FOR ADMISSIONS

Come now Plaintiffs, Jimmy Wayne Marlowe and Virginia Marlowe, and their undersigned attorney, and supplement their responses to the following numbered requests for admissions as follows:

REQUEST FOR ADMISSION 9. Admit that Dr. Deborah Trujillo did not breach the applicable standard of care on March 25, 2014, by failing to refer Mr. Marlowe to a vascular specialist.

RESPONSE: Plaintiffs are unable to admit or deny this as they just do not know. Plaintiffs' counsel cannot admit or deny this as the medical records produced do not provide sufficient information for Plaintiffs' counsel to admit or deny this.

REQUEST FOR ADMISSION 10. Admit that Dr. Trujillo did not breach the applicable standard of care on March 25, 2014, by failing to send Mr. Marlowe for an arterial Doppler.

RESPONSE: Plaintiffs are unable to admit or deny this as they just do not know. Plaintiffs' counsel cannot admit or deny this as the medical records produced do not provide sufficient information for Plaintiffs' counsel to admit or deny this.

REQUEST FOR ADMISSION 11. Admit that during the March 25, 2014, visit to the Coosa Valley Medical Center's Emergency Room, Mr. Marlowe failed to inform the medical providers that he was taking any prescription medications that were in cream form.

RESPONSE: Plaintiff, Jimmy Wayne Marlowe, does not remember so, therefore, he cannot admit or deny this. Plaintiff, Virginia Marlowe, does not know. Plaintiffs' counsel cannot admit or deny this as the medical records produced do not clearly answer this question.

REQUEST FOR ADMISSION 12. Admit that Dr. James Bowman did not breach the applicable standard of care on May 15, 2014, by failing to refer Mr. Marlowe to a vascular specialist.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel cannot admit or deny as the medical records of Dr. Bowman that have been produced do not provide the information necessary to be able to admit or deny this.

REQUEST FOR ADMISSION 13. Admit that Dr. James Bowman did not breach the applicable standard of care on May 15, 2014, by failing to refer Mr. Marlowe for an arterial Doppler.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel cannot admit or deny as the medical records of Dr. Bowman that have been produced do not provide the information necessary to be able to admit or deny this.

REQUEST FOR ADMISSION 14. Admit that during the May 15, 2014, appointment with Dr. James Bowman, Mr. Marlowe failed to inform that provider that he was taking any prescription medications that were in cream form.

RESPONSE: Plaintiff, Jimmy Wayne Marlowe, does not remember. Plaintiff, Virginia Marlowe, does not know. Plaintiffs' counsel cannot admit or deny as the records of Dr. Bowman do not answer this question.

REQUEST FOR ADMISSION 15. Admit that during the May 22, 2014, appointment with Dr. Kenneth Varney, Mr. Marlowe failed to inform that provider that he was taking any prescription medications that were in cream form.

RESPONSE: Plaintiff, Jimmy Wayne Marlowe, cannot admit or deny as he does not remember. Plaintiff, Virginia Marlowe, does not know. Plaintiffs' counsel cannot admit or deny as he does not recollect seeing anything from a Dr. Varney.

REQUEST FOR ADMISSION 16. Admit that Dr. Walter Pinson did not breach the applicable standard of care on June 2, 2014, by failing to refer Mr. Marlowe to a vascular specialist.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because, based on the testimony of Dr. Pinson, it appears that he did fail to adhere to the standard of care in this regard.

REQUEST FOR ADMISSION 17. Admit that Dr. Walter Pinson did not breach the applicable standard of care on June 2, 2014, by failing to send Mr. Marlowe for an arterial Doppler.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because, based on the testimony of Dr. Pinson, it appears that he did fail to adhere to the standard of care in this regard.

REQUEST FOR ADMISSION 18. Admit that during the June 2, 2014, appointment with Dr. Walter Pinson, Mr. Marlowe failed to inform that provider that he was taking any prescription medications that were in cream form.

RESPONSE: Plaintiff, Jimmy Wayne Marlowe, does not remember. Plaintiff, Virginia Marlowe, does not remember. Plaintiffs' counsel cannot admit or deny this because his clients do not remember or know, however, Dr. Pinson has testified that his notes do not reflect Jimmy Wayne Marlowe telling him this.

REQUEST FOR ADMISSION 19. Admit that Dr. Walter Pinson did not breach the applicable standard of care on June 11, 2014, by failing to refer Mr. Marlowe to a vascular specialist.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because, based on the testimony of Dr. Pinson, it appears that he did fail to adhere to the standard of care in this regard.

REQUEST FOR ADMISSION 20. Admit that Dr. Walter Pinson did not breach the applicable standard of care on June 11, 2014, by failing to send Mr. Marlowe for arterial Doppler.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because, based on the testimony of Dr. Pinson, it appears that he did fail to adhere to the standard of care in this regard.

REQUEST FOR ADMISSION 21. Admit that Dr. Walter Pinson did not breach the applicable standard of care on July 16, 2014, by failing to refer Mr. Marlowe to a vascular specialist.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because, based on the testimony of Dr. Pinson, it appears that he did fail to adhere to the standard of care in this regard.

REQUEST FOR ADMISSION 22. Admit that Dr. Walter Pinson did not breach the standard of care on July 16, 2014, by failing to send Mr. Marlowe for an arterial Doppler.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because, based on the testimony of Dr. Pinson, it appears that he did fail to adhere to the standard of care in this regard.

REQUEST FOR ADMISSION 23. Admit that Dr. Robert Henderson did not breach the standard of care on July 9, 2014, by failing to refer Mr. Marlowe to a vascular specialist.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because it appears from the records and testimony of Dr. Henderson that he did fail to follow the standard of care in this regard.

REQUEST FOR ADMISSION 24. Admit that Dr. Robert Henderson did not breach the standard of care on July 9, 2014, by failing to send Mr. Marlowe for arterial Doppler.

RESPONSE: Plaintiffs do not know. Plaintiffs' counsel denies this because it appears from the records and testimony of Dr. Henderson that he did fail to follow the standard of care in this regard.

REQUEST FOR ADMISSION 25. Admit that Mr. Marlowe did not engage in regular exercise or activity from at least January 2014 to at least August 2014.

RESPONSE: Plaintiffs deny this because Jimmy Wayne Marlowe did engage in regular activity back then.

REQUEST FOR ADMISSION 26. Admit that, on multiple occasions from March 14, 2014 through July 31, 2014, Mr. Marlowe did not take his Coumadin/warfarin as prescribed.

RESPONSE: Admitted.

REQUEST FOR ADMISSION 27. Admit that during an April 9, 2014, INR follow-up appointment at the VA's Childersburg CBOC, Mr. Marlowe neither complained about his feet nor asked to see a physician.

RESPONSE: Plaintiffs cannot admit or deny because they do not remember.

REQUEST FOR ADMISSION 28. Admit that during an April 21, 2014, INR follow-up appointment at the VA's Childersburg CBOC, Mr. Marlowe neither complained about his feet nor asked to see a physician.

RESPONSE: Plaintiffs cannot admit or deny this as they do not remember.

REQUEST FOR ADMISSION 29. Admit that during a June 23, 2014, INR follow-up appointment at the VA's Childersburg CBOC, Mr. Marlowe neither complained about his feet nor asked to see a physician.

RESPONSE: Plaintiffs cannot admit or deny because they do not remember.

REQUEST FOR ADMISSION 30. Admit that Mr. Marlowe cancelled his July 8, 2014, INR follow-up appointment at the VA's Childersburg Community-Based Outpatient Clinic (CBOC).

RESPONSE: Plaintiffs cannot admit or deny because they do not remember.

Date: July 23, 2018

*Jimmy Wayne Marlowe by his attorney*
Jimmy Wayne Marlowe

*Virginia Marlowe by her attorney*
Virginia Marlowe

Steven D. Tipler
Attorney for Plaintiffs
104 23rd Street South
Suite 100
Birmingham, Alabama 35233
(205) 328-6800
Fax: (205) 328-6805
steventipler@gmail.com

5