UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JIMMY WAYNE MARLOW,** et al., }<br>Plaintiffs, }<br>}<br>v. }<br>}<br>**UNITED STATES OF AMERICA,** }<br>Defendants. }<br>} | Case No.: 1:17-cv-309-ACA |

## ORDER REGARDING PRETRIAL CONFERENCE

This matter is **SET** for bench trial on **June 10, 2019**.

Pursuant to Federal Rule of Civil Procedure 16, this case is **SET** for a pretrial conference on **April 3, 2019** at **10:30 A.M**, sixth floor chambers of the undersigned, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama.  The conference will address the matters outlined in Rule 16, including the limitation of issues to be tried, ruling on pending motions, and settlement possibilities.

Counsel attending the conference must be well-informed about the factual and legal issues of the case and to have authority to enter appropriate stipulations and participate in settlement discussions.  <u>Counsel appearing at the conference may be required to proceed at trial notwithstanding the naming of others as designated trial counsel</u>.

The court **DIRECTS** counsel to review and comply with the following instructions:

Promptly upon receipt of this notice, plaintiff's counsel is **DIRECTED** to initiate discussions with other counsel to determine the undisputed facts and to clarify each party's contentions.

**On or before March 29, 2019**, plaintiff's counsel is to email to the chambers email address (axon_chambers@alnd.uscourts.gov) a **JOINT PROPOSED PRETRIAL ORDER** in Word format, with a copy to opposing counsel. A sample of the proposed pretrial order and its Exhibit A is attached at the end of these instructions to illustrate the format preferred by the court and the substance of such an order. Each order must be tailored to fit the circumstances of the individual case. The court anticipates that, in most cases, at the end of the pretrial conference, the court will adopt and sign the attached sample proposed pretrial order with only minor insertions and changes. The standard Exhibit A to the proposed pretrial order will be incorporated by reference into the pretrial order but need not be reproduced by counsel unless counsel propose significant changes.

The court **DIRECTS** the parties to include the following dates in the proposed pretrial order regarding motion *in limine* deadlines: (1) motions *in limine* shall be filed on or before **May 20, 2019**; and (2) responses in opposition shall be filed on or before **May 28, 2019**. If the parties need additional information or

clarification to complete their joint proposed pretrial order, they may email chambers.

**DONE** and **ORDERED** this March 13, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

# SAMPLE PROPOSED PRETRIAL ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
[*Name of Division*] DIVISION

| | |
|---|---|
| [*Name of the Plaintiff(s)*], )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>[*Name of the Defendant(s)*], )<br>)<br>Defendant(s). ) | Case No.: [*Case Number*] |

# **PRETRIAL ORDER**

A pretrial conference was held in the above case on **[*Date*]**, wherein, or as a result of which, the following proceedings were held and actions were taken:

1. <u>Appearances</u>. Appearing at the conference were:

    For [*Enter Plaintiff(s)*]:_____

    For [*Enter Plaintiff(s)*]:_____

    For [*Enter Defendant(s)*]:_____

    For [*Enter Defendant(s)*]:_____

[*Include a line for each party in the case, unless the same counsel represents all parties on a particular side.*]

2. <u>Nature of the Action, Jurisdiction and Venue</u>.

    (a) The nature of this action is as follows: **[For example, employment discrimination; Fair Labor Standard Act, breach of contract, etc.]**

   (b) The court has subject matter jurisdiction of this action under the following statutes, rules or cases:

**[*List each statute, rule or case claimed to authorize the court's subject matter jurisdiction in this action*].**

   (c) All jurisdictional and procedural requirements prerequisite to maintaining this action **[*have/have not*]** been met.

   (d) Personal jurisdiction and/or venue **[*are/are not*]** contested.

**[*If personal jurisdiction or venue is contested, <u>briefly</u> set out the relevant arguments.*]**

  3. <u>Parties and Trial Counsel</u>.  Any remaining fictitious parties are hereby **STRICKEN.**  The parties and designated trial counsel are correctly named as set out below:

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff(s): | **[*Name of the Plaintiff(s)*]** | **[*Name of Counsel*]** |
|  | **[*Name of the Plaintiff(s)*]** | Same Counsel |
| Defendant(s): | **[*Name of the Defendant(s)*]** | **[*Name of Counsel*]** |
|  | **[*Name of the Defendant(s)*]** | Same Counsel |

**[*Include a line and designation for each party in the case.*]**

  4. <u>Pleadings</u>.  The following pleadings have been allowed:

**[*List pleadings in the order in which they were filed and allowed.  Do not include pleadings that have been stricken or otherwise disallowed.  See Fed. R. Civ. P. 7(a) for a list of allowable pleadings.*]**

5. <u>Statement of the Case</u>.

    (a)    <u>Narrative Statement of the Case</u>.

**[*The summary must be concise and appropriate for the court to use in advising the jury of the basic nature of the case during voir dire.*]**

    (b)    <u>Undisputed Facts</u>.

**[*The parties shall set out in separately numbered paragraphs each fact that is not in dispute. The parties are reminded that the court, in an effort to reduce the need for evidence at and length of the trial, expects them to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, this section will be read to the jury and the jury will be instructed to accept these facts as true.*]**

    (c)    <u>Plaintiff's Claims</u>.

**[*For each defendant, each Plaintiff shall concisely state each legal theory relied upon and shall set out the factual allegations which he or she expects to prove in support of each theory. Vague, conclusory, and general claims and allegations are not acceptable. By this stage of the proceedings, Plaintiff is expected to know what the claims are and must state precisely the issues expected to be tried. Each claim must be set out in a separately numbered paragraph, appropriately labeled. Under each claim, each Plaintiff shall list any citations to the major cases, statutes, etc. that support his or her legal theory.*]**

    (d)    <u>Defendant's Defenses</u>.

**[*For each claim against him or her, each defendant shall concisely state each legal theory relied upon and shall set out the factual allegations that he or she expects to prove in support of each legal theory. Vague, conclusory, and general claims and allegations are not acceptable. By this stage of the proceedings, Defendant is expected to know what the defenses are and must state precisely the issues expected to be tried. Each defense must be set out in a separately numbered paragraph, appropriately labeled. Under each defense, each Defendant shall list any citations to the major cases, statutes, etc. that support his o rher theory.*]**

6. <u>Discovery and Other Pretrial Procedures</u>.

    (a) <u>Pretrial Discovery</u>.

        i. _____ Pursuant to previously entered orders of the court, discovery is closed.

        ii. _____ The parties are given leave to proceed with further discovery provided it is commenced in time to be completed by _____.

    (b) <u>Pending Motions</u>.

**[*List all pending motions or state that there are no motions pending.  Motions should be listed in separately numbered paragraphs, leaving sufficient space for the court to indicate its rulings below each listed motion.*]**

    (c) <u>Motions *In Limine*</u>.  Motions *in limine* must be filed on or before _____ and shall be accompanied by supporting memoranda.  As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side.  Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.  Responses in opposition to the motions *in limine* must be filed on or before _____.

7. <u>Trial Date</u>.

    (a) This case is set for **[*Jury/Non-Jury*]** trial on _____.  This case will be ready for trial on or after _____.

    (b) The trial of this matter is expected to last _____ days.

8. The parties are to comply fully with each provision contained in Exhibit A – Standard Pretrial Procedures which is incorporated into this order by reference as if fully set forth herein.

9. The parties are to read and comply fully with each provision contained in Exhibt B – Guidelines for Conduct of Trials, which is incorporated into this order by reference as if fully set forth herein.

The court **ORDERS** that the above provisions be binding on all parties unless modified for good cause shown.

**DONE** and **ORDERED** this _____ day of _____, 20_____.

_____
**ANEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

## EXHIBIT A – STANDARD PRETRIAL PROCEDURES

**1.** **Damages**.  No later than thirty (30) calendar days before the date set for trial, the parties shall file and serve a list itemizing all damages and equitable relief being claimed or sought; such list shall show the amount requested and, where applicable, the method and basis of computation.

**2.** **Witnesses – Exchange of Lists**.

The parties shall file witness lists **on or before May 6, 2019.**

Objections to witness lists due **on or before May 20, 2019**. The parties must include objections in the motion *in limine*.  Do not file separate objections to witness and exhibit lists.

Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not included on the party's witness list.  The listing of a witness does not commit the party to have that witness available at trial or to call that witness to testify, but it does preclude the party from objecting to the presentation of that witness's testimony by another party.

As to any witnesses shown on the list to be presented by deposition, within seven (7) business days after the filing of the list, an opposing party may serve a list of additional pages of the deposition to be used, and may serve and file a list disclosing any objections to the use of the deposition testimony under Federal Rules of Civil Procedure 32 or 26(a)(3)(B).  Any objections to deposition testimony should be accompanied by excerpts from the depositions including the testimony to which the objection relates.  Objections not made within such time, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

**3.** **Exhibits**.

The parties shall file exhibit lists **on or before May 6, 2019.**

Objections to exhibit lists must be filed **on or before May 2, 2019**.  The parties must include objections in the motion *in limine*.  Do not file separate objections to witness and exhibit lists.

(a) **Marking**.  Each party that anticipates offering more than five (5) exhibits as substantive evidence shall premark the exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court.  The court will provide up to 100 labels; if any party needs more labels, that party must use labels of the same type as those supplied by the court.  Counsel <u>must</u> contact the courtroom deputy for the appropriate exhibit list form for use at trial.  The court urges counsel to be judicious in determining which documents are actually relevant to necessary elements of the case.

(b) **Examination by Opposing Party**.   Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make exhibits available for inspection and copying.  The presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been identified and was made available for inspection.

(c) **Court's Copies**.   In addition to the premarked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits.  The notebook should include a copy of the Exhibit List.  The parties shall also email a courtesy copy of the exhibit notebook, in Word format, to the chamber's email address at [axon_chambers@alnd.uscourts.gov](mailto:axon_chambers@alnd.uscourts.gov).

(d) **Limiting Personal Information in Transcripts and Exhibits**.  The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court.  The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, and limiting dates of birth to the year.  However, if such information is elicited during testimony or other court proceedings, it may become available to the public.  The better practice is for you to avoid introducing this information into the record in the first place.  Please take this into account when questioning witnesses, presenting documents, or making other statements in court.  If a restricted item is mentioned in court, you may ask to have it stricken from the record or partially redacted to conform to the privacy policy, or the court may do so on its own motion.

**THE PARTIES ARE REMINDED THAT THEY WILL NOT BE ALLOWED TO USE AT TRIAL ANY WITNESS OR EXHIBIT NOT DISCLOSED IN ACCORDANCE WITH FEDERAL RULES OF CIVIL PROCEDURE 26(a) OR 26(e), UNLESS THE FAILURE WAS SUBSTANTIALLY JUSTIFIED OR THE OFFERING PARTY CAN SHOW THAT ITS FAILURE TO DISCLOSE WAS HARMLESS.** *See* **Fed. R. Civ. P. 37(c)(1).**

4. <u>**Use of Depositions at Trial**</u>.

   (a) The court will accept the parties' written agreement to use a deposition at trial even though the witness is available. In the absence of such an agreement, parties must comply with Federal Rule of Civil Procedure 32.

   (b) Before trial, counsel must provide the courtroom deputy with a copy of all depositions to be used as exhibits at trial.

   (c) To the extent possible, counsel will designate the <u>portion</u> of any deposition that counsel anticipates reading by citing pages and lines in the final witness list. Objections, if any, to those portions (citing pages and lines) with supporting authority must be filed at least TEN (10) business days before trial.

   (d) Use of videotape depositions is permitted and the parties must make good faith efforts to agree on admissibility or edit the videotape to resolve objections.

   (e) In a non-jury trial, for any deposition offered as a trial exhibit, counsel shall attach to the front of the exhibit a summary of what each party intends to prove by the deposition testimony, with line and page citations, and include an appropriate concordance of the deposition pages offered.

5. <u>**Trial Submissions to Court**</u>.

   The court does not request and the parties shall not file trial briefs.

## EXHIBIT B – GUIDELINES FOR CONDUCT OF TRIALS

*These guidelines reflect the standard practices of this court in the trial of cases. They do not alter the rules of civil or criminal procedure, the rules of evidence, or local rules.*

1. Hours. Trials ordinarily commence at 9:00 a.m. and continue until approximately 5:00 p.m., Mondays through Fridays.

   a. Punctuality. You, your client, and your witnesses should be present and ready to proceed promptly at the appointed time, both at the beginning of the day and after recesses. Counsel should be present at the courthouse at least 30 minutes before the beginning of each trial day to avoid delays and to be available to discuss unanticipated problems.

   b. Recesses. A witness whose examination has not been completed at the time of a recess or adjournment should be back in the witness box at the time trial is scheduled to resume.

   c. Requests for changes. Make known to the court as soon as can be anticipated any requests for changes in the trial schedule, including those relating to religious holidays or arising because of unavailability of witnesses.

   d. Conferences. In jury cases, the judge may hold a brief conference in chambers at the end of the trial day or before the trial commences or resumes, or both, at which time counsel can discuss the schedule of witnesses and documents and any anticipated evidentiary problems. Alert the court reporter if you want to have some motion, argument, proffer, or other matter placed on the record during the conference.

   e. Settlement discussions. Although settlements should occur to the extent possible before the trial is scheduled to begin, counsel are encouraged to discuss settlement as the trial progresses. These discussions should, however, ordinarily be conducted during recesses and adjournments. Do not assume that the court will delay the start or resumption of trial for such discussions. Advise the court if at any point you believe the court's

assistance might be helpful in arriving at a settlement.

2. <u>Selection of jury</u>.

   a. <u>Voir Dire</u>. At the conclusion of general voir dire by the court, counsel will be allowed 20 minutes per party to conduct their own voir dire.

   b. <u>Size</u>. The size of the jury in civil trials ranges from six to twelve, with alternates to be set by the judge, taking into account such factors as the expected length of trial and the number of jurors available for that and other scheduled trials. Absent special agreement by the parties, only a unanimous verdict of all selected jurors not excused or discharged for good cause may be received.

   c. <u>Peremptory challenges</u>. The number of peremptory challenges to be allowed will depend upon (1) the number of jurors not excused or challenged for cause and (2) the size of the jury to be selected. For example, if 18 jurors remain after any challenges for cause, the court might allow each side five peremptory challenges to select a jury of 8 or might allow each side four peremptory challenges to select a jury of 10. Peremptory challenges are exercised by indicating on a form (provided by the court) the name and juror number of the person(s) so challenged. When completed, these forms are shown to the court and opposing counsel at the bench, outside the hearing of the panel; at this time, the court can consider any "Batson" issues. Subject to consideration of any "Batson" issues, the peremptory challenges shown on the lists will be accepted by the court. Jurors not peremptorily challenged by either side will, in the order in which they were presented, be deemed as selected, up to the number of jurors previously determined by the court. As an example, for a jury of eight, the first 8 jurors not peremptorily challenged by either side will constitute the jury.

3. <u>Opening statements</u>. Opening statements are limited to 20 minutes per party. Although a description of the basic claims and defenses and of the principal

factual disputes between the parties is usually helpful, do not be argumentative and do not in jury cases refer to disputes about questions of law.  In non-jury cases, opening statements are frequently omitted or limited to stating what claims and defenses are being pursued and what witnesses will be called.

4. Witnesses.  Cooperative witnesses not immediately needed should, to the extent practical, be placed "on call."  However, you remain responsible for having sufficient witnesses available in court so that, absent developments that could not have been reasonably anticipated, the trial may proceed during the normal trial hours without the need for adjournments or lengthy recesses to obtain further witnesses.  Since defendants should be ready to proceed with their evidence promptly at the conclusion of the plaintiff's presentation, plaintiff's counsel should keep defendants' counsel advised as to when they expect to complete their presentation of evidence.

> a. Order.  Counsel are expected to cooperate in resolving scheduling problems, including agreement in most circumstances for a witness to be called out of the normal order, even if the testimony of another witness is interrupted.  Such accommodations are the norm for physicians and other similar professionals called as witnesses and may be appropriate for other witnesses with personal, family, or occupational conflicts.  Counsel are also expected to cooperate in placing "on call" those employees of another party whose absence would disrupt such party's normal business activities.

> b. Production.  Do not ask opposing counsel to produce a witness or a document in a way that might suggest to the jury that such counsel would be concealing evidence if the witness or document is not produced.  Address such requests to opposing counsel (or, if necessary, to the court) in a manner that will not be heard by the jury.

> c. Oaths.  The courtroom deputy ordinarily administers an oath/affirmation to the witnesses and immediately asks their name and place of residence.  If you know that the standard questions might be inappropriate (for example, the witness is in prison), so advise the deputy before the witness is called to the stand.

d. Release. Witnesses should be released from further attendance or subpoena as soon as they are no longer needed. After testifying, a witness shall be deemed as released by consent unless counsel or the court indicates that the witness should not be so excused. You should not consent to release of a witness if you will later offer in evidence a prior inconsistent statement about which the witness was not examined or if you wish to make a proffer of testimony of that witness to which an objection was sustained.

e. Exclusion. Requests under Federal Rule of Evidence 615 for exclusion of witnesses from the courtroom should be made before examination of the first witness begins, preferably before opening statements. Be alert for witnesses arriving during trial and inadvertently coming into the courtroom. Although the Rule does not prevent talking with excluded witnesses during recesses about their expected testimony, do not in such discussions disclose the courtroom testimony given by other witnesses. After testifying and provided they will not be recalled, witnesses are no longer subject to the Rule and may remain in the courtroom.

5. Examination of witnesses. Absent physical disabilities, examination of a witness should ordinarily be conducted while the witness is seated in the witness box and counsel is standing at the lectern.

a. Approaching clerk's desk or witness box. Permission of the court to approach the clerk's desk or the witness box is not necessary if for the purposes of submitting or obtaining an exhibit, handing an exhibit to the witness, or conducting examination about an exhibit when counsel needs to be next to the witness during the examination. Return to the lectern after such examination is finished.

b. Other locations. Request permission of the court if you wish the witness to step from the witness box (for example, to display an injury, to prepare a sketch, or to identify objects in a photograph). Assist the court in assuring that your voice and that of the witness are sufficiently loud to be heard and that

11

    opposing counsel's view is not obstructed.

    c. <u>Depositions</u>.  As you use or read from a deposition, indicate the page and line number of the starting and stopping points.  Colloquies and objections of counsel should ordinarily be omitted, as should questions that are rephrased or changed prior to the answer being given.  When the deposition refers to an exhibit, counsel may, in addition to the identification used in the deposition, indicate the exhibit number used during the trial.  Persons asked to read the deponent's testimony should do so fairly and impartially.  Depositions are not ordinarily read aloud in non-jury cases; you should submit to the court well before the trial is completed a list of the portions you want the court to read.

    d. <u>Harassment</u>.  Treat witnesses with courtesy, even when conducting vigorous impeachment.  Do not shout at, ridicule, harass, or unfairly embarrass a witness.  Use temperate language when requesting the court's assistance to control or direct a witness who is giving unresponsive or argumentative answers.

6. <u>Objections</u>.  Rise before (or as) you object; this draws the attention of the court and other counsel to you and should alert the witness not to answer until your objection is ruled upon.  While standing, state that you are objecting and specify concisely the ground(s) of your objection (for example, "hearsay," "irrelevant," "lack of personal knowledge," "leading question").  Do not make a speech or argument to the jury.  Do not disparage opposing counsel or the witness.  Do not attempt to summarize other evidence.  Do not suggest an answer to the witness.

    a. <u>Response by offeror</u>.  The person who asked the question should not interrupt the person making the objection except to withdraw the question or if the objection itself is being made in an improper manner (for example, as an argument to the jury or to suggest an answer to the witness).  After the objection has been stated, you may indicate if the evidence is being offered only for a limited purpose or only against certain parties.

  b. <u>Argument on the objection</u>.  Neither counsel should present arguments regarding the objection unless authorized or invited by the court.  If you wish to be heard in argument, request the court's permission.

  c. <u>Continuing objection</u>.  In some circumstances you may be allowed to have a "continuing objection" to a particular line of inquiry, and therefore, you may not have to repeat your objection to a series of questions.  Typically, this occurs when your objection on the grounds of relevancy is overruled and you wish to make a relevancy objection to further questions on the same subject.

  d. <u>Anticipating evidentiary problems</u>. Evidentiary questions which may involve extended discussion and argument should be anticipated and called to the court's attention at the start or end of the trial day so that the question can be adequately considered without having to interrupt the trial schedule.

7. <u>Special equipment</u>.  Audio-visual equipment should be brought into the courtroom and tested before or after trial hours or during a recess.  You are responsible for seeing that the trial is not substantially delayed while such equipment is being set up.  Make arrangements with the courtroom deputy if you need special access to the courtroom.

8. <u>Closing arguments</u>.   Unless otherwise allowed by the court, closing arguments are limited to 30 minutes to the side.  Counsel for the party having the burden of proof shall be the first to present closing argument and may reserve a portion of the allotted time (not in excess of initial time taken) to respond to the other parties' arguments.  A party seeking damages and who is permitted to divide its time of argument should address both liability and damages issues in its initial argument.  Do not express your own personal opinions about the facts.  Do not invite jurors to return a verdict as if they were in the position of one of the parties.  You may leave the lectern, but keep your voice sufficiently loud to be heard by other counsel, the judge, and the court reporter.

9. <u>Instructions</u>.  Persons are not ordinarily permitted to enter or leave the courtroom during the time the court is instructing the jury.  The court will

provide counsel with an opportunity to present objections or exceptions to the instructions outside the hearing of the jury and before the deliberations begin either at the bench or after excusing the jurors from the courtroom. Counsel are expected to remain in general attendance at the courthouse while the jury is deliberating; the failure to do so may be treated as a waiver of any right to object should the jury request and be given supplemental instructions.

10. <u>Other Matters of Proper Decorum and Conduct</u>.

> a. Do not argue with or disparage other counsel in the hearing of the jury. In most situations, the court's permission should be obtained before counsel engage in dialogue between themselves in the courtroom. Side comments between counsel should be limited to situations in which such conversations are intended to facilitate the fair and efficient conduct of the trial and not for any tactical advantage; they should, moreover, be done in a respectful and courteous manner that does not detract from the dignity of the proceedings. In-court offers to stipulate should ordinarily be made only if previously agreed upon or if counsel has reason to believe the offer would have been accepted if made outside the courtroom.
>
> b. All should rise and remain standing and quiet while court is being formally opened. Counsel should rise and remain standing while examining a witness, making an objection, presenting a motion, request, or argument, or otherwise addressing the court. At other times while court is in session, remain seated.
>
> c. Address or refer to witnesses or other parties using their surname.
>
> d. While opposing counsel is presenting a matter to the court or the jury or is examining a witness, other counsel and their clients or associates should not engage in conversation or activity at counsel table or otherwise move about the courtroom in a manner that might be distracting.

e. <u>Indicating agreement and disagreement</u>. No one should by words, facial expressions, or other conduct indicate personal agreement or disagreement with what is being said by the court, the jury, an attorney, or a witness. Counsel are responsible for assuring that their clients and the friends or supporters of their clients are warned about such behavior.

f. <u>Attendance</u>. Parties are not required to remain in continuous attendance during civil trials. To facilitate arranging for the attendance of witnesses and procuring documents, attorneys may, without need for permission from the court, enter and leave the courtroom during the trial from time to time if their client remains represented by co-counsel. Such movements should, however, be done in an unobtrusive and non-distracting manner. Paralegals not expected to testify may, without the need for special permission from the court, be inside the railing to assist counsel.

g. <u>Findings under Federal Rule of Evidence 104(a)</u>. Do not disclose to the jury in any manner the findings of the court made under Federal Rule of Evidence 104(a) in connection with questions of admissibility. For example, do not argue to the jury that you were allowed to present evidence of A's statement because the court found under Federal Rule of Evidence 801(d)(2)(E) that A and B were engaged in a conspiracy. Similarly, do not ask in the presence of the jury for the court to "recognize" a witness as an "expert" or as "hostile."

h. <u>Smoking, eating, and drinking</u>. Smoking, eating, and drinking (other than water) are never permitted in the courtrooms.

i. <u>Cellular telephones; recording devices</u>. Keep cellular telephones in an "off" position while in the courtroom. Recording devices may be used in the courthouse only with express permission of the court.